UNITED STATES DISTRICT COURT
Southern District of Texas
Houston Division

| | | |
|---|---|---|
| SEAN CUROTTO | § | |
| | § | CASE NUMBER:    4:21-cv-2858 |
| | § | |
| V. | § | |
| | § | |
| | § | **DEMAND FOR JURY TRIAL** |
| MIDLAND CREDIT | § | |
| MANAGEMENT, INC. and | § | |
| MIDLAND FUNDING, LLC | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### Preliminary Statement

1. Plaintiff Sean Curotto ("Plaintiff" or "Mr. Curotto") brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), to obtain statutory damages, injunctive relief, declaratory relief, and other relief for the Defendants' violations of the FDCPA.

2. Defendant, Midland Credit Management, INC. ("MCM") attempted to collect a consumer debt ("Debt") allegedly owed by Plaintiff, arising from a purported obligation to Synchrony Bank. The alleged obligation ("Debt") required Plaintiff to pay money arising out of a transaction in which money, property, insurance, or services were the subject thereof, and the same were primarily for personal, family, or household purposes.

3. Defendant, Midland Funding, LLC (Midland) attempted to collect a consumer debt ("Debt") allegedly owed by Plaintiff, arising from a purported obligation to Synchrony Bank. The alleged obligation ("Debt") required Plaintiff to pay money arising out of a transaction in which money, property, insurance, or services were the subject thereof, and the same were primarily for personal, family, or household purposes.

1

## JURISDICTION AND VENUE

4. This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.,* against Defendants for engaging in unfair or deceptive acts or practices in violation of the FDCPA, 15 U.S.C. § 1692 and out of the invasions of Plaintiff's personal privacy by Defendants and their agents in their illegal efforts to collect a consumer debt.

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1337(a), and 1367.

6. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, because the acts and transactions occurred in this district and because the Defendants transacts business in this district.

## STANDING

7. Plaintiff has suffered an injury in fact that is traceable to the Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

8. Specifically, Plaintiff suffered a personalized and concrete injury in the form of, among other things, emotional distress caused by Defendants' false communications to third parties regarding the status of his alleged debt.

9. Plaintiff has thus suffered an injury because of Defendants' conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## THE PARTIES

10. The FDCPA, 15 U.S.C. § 1692, which prohibits certain debt collection practices, provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

11. Defendant, MCM, is a debt collector. Plaintiff believes Defendant to be headquartered in California and is in the business of collecting consumer debts in the Southern District of Texas, among other locations. The principal purpose of MCM's business is the collection of consumer debts using the mail and telephone. MCM regularly attempts to collect consumer debts for others. MCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

12. Defendant, Midland, is a debt collector. Plaintiff believes Defendant to be headquartered in California and is in the business of collecting consumer debts in the Southern District of Texas, among other locations. The principal purpose of Midland's business is the collection of consumer debts using the mail and telephone. Midland regularly attempts to collect consumer debts for others. Midland is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

13. Plaintiff, Sean Curotto, is an individual who resides in Harris County, Texas, and is a consumer as defined by the FDCPA.

## FACTUAL ALLEGATIONS

14. Plaintiff, Sean Curotto, used a credit card, originally with Synchrony Bank, for personal, family and household purposes. The alleged debt is thus a debt as that term is defined by § 1692a(5) of the FDCPA.

15. Plaintiff later experienced financial difficulty and as a result, was forced to default on his debt.

16. Defendants' claims to have later acquired the alleged debt after it had entered default.

17. Defendants' began attempting to collect the full amount allegedly owed from Plaintiff, though collection letters and credit reporting.

18. Plaintiff subsequently reviewed his credit report and noticed that Defendants Midland and MCM were reporting that he owed $6,599 on the alleged debt.

19. Plaintiff not recognizing MCM or the account, instructed his attorneys to notify MCM and Midland that he disputed the debt and was represented by counsel.

20. On or about June 7, 2019, Plaintiff, through counsel, faxed a letter to Defendants notifying them that Plaintiff disputed the alleged debt and that he was represented by counsel. (Exhibit A, June 7, 2019 Dispute Letter).

21. The letter constituted a dispute regarding the debt, and that dispute was communicated to the Defendants, via Midland.

22. Defendants received the dispute letter shortly thereafter.

23. By June 12, 2019, Defendants knew or should have known that Plaintiff disputed the accuracy of the debt and was represented by counsel.

24. On or about September 8, 2020, Defendants communicated information regarding the alleged debt to the Experian consumer reporting agency.

25. Defendants Midland and MCM communicated, *inter alia*, an account balance, an account number, and a date reported. (Exhibit B, Excerpt from Plaintiff's Experian Report).

26. Even though Plaintiff notified Defendants MCM and Midland that he disputed the alleged debt, they failed to communicate that Plaintiff's alleged debt was disputed when they communicated other information to Experian regarding the alleged debt on or about September 8, 2020.

27. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

28. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008)

29. As a proximate result of the foregoing acts and omissions of the Defendants, Plaintiff has suffered actual damages and injury, including but not limited to, stress, anxiety and embarrassment, for which Plaintiff should be compensated in an amount to be proven at trial.

30. 15 U.S.C. § 1692e of the FDCPA also provides as follows:

**False or misleading representations**
**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
**. . . (8) Communicating or threatening to communicate to any person credit information which is known, or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

31. By June 12, 2019, Defendants knew or should have known that Plaintiff had disputed the alleged debt because Defendants received the dispute and reviewed it.

32. Even though Defendants knew or should have known, prior to June 12, 2019, that Plaintiff disputed owing the alleged debt, Defendants communicated credit information about Plaintiff to the Experian, consumer reporting agencies, while omitting the fact that Plaintiff disputed that alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(8).

33. The failure to mark a disputed debt as disputed will cause harm to a consumer and influence their actions regarding the debt. *Evans v. Portfolio Recovery Associates, LLC*, 889 F.3d 337, 349 (7th Cir. 2018). ("Put simply, the failure to inform a credit reporting agency that

5

the debtor disputed his or her debt will always have influence on the debtor, as this information will be used to determine the debtor's credit score.").

34. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs, and reasonable attorney fees.

35. Defendants' collection actions and communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## Respondeat Superior Liability

36. The acts and omissions of Defendants, and the other debt collectors employed as agents by Defendants who communicated with Plaintiff as more further described herein, were committed within the time and space limits and within the sphere of their respective employments in their agency relationships with their principal, the Defendants.

37. The acts by the Defendants and their agents were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendants in collecting consumer debts.

38. By committing these acts against Plaintiff, these agents of the Defendants were motivated to benefit their principal, the Defendants.

39. Defendants are therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Texas law, in their attempts to collect this debt from Plaintiff.

## COUNT I
## Violations of the FDCPA

40. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendants' violations of the FDCPA include, but are not limited to the following:

    a. Defendants failed to communicate the fact of Plaintiff's dispute to the Experian consumer reporting agency when communicating other information regarding the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(8).

41. Under 15 U.S.C. § 1692k, Defendants' violations of the FDCPA render them liable to Plaintiff for statutory damages, actual damages, costs, and reasonable attorney's fees.

## PRAYER FOR RELIEF

Plaintiff, Sean Curotto, prays that this Court:

A. Declare that Defendants' debt collections practices violated the FDCPA;

B. Enter judgment in favor of Plaintiff and against Defendants for statutory damages, actual damages, costs, and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a);

C. Grant such further relief as deemed just.

Respectfully submitted,
s/ Daniel J. Ciment
Daniel J. Ciment
Texas Bar No. 24042581
CIMENT LAW FIRM, PLLC
24275 Katy Freeway, Suite 400
Katy, Texas 77494
Telephone: (833)663-3289
Facsimile: (855)855-9830
Daniel@CimentLawFirm.com